IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:08-cr-00231-JO |
| ) | (Civil No. 3:10-cv-70000-JO) |
| Plaintiff, ) | |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| CHRISTOPHER MICHAEL GONZALEZ- ) | |
| AGUILERA, ) | |
| ) | |
| Defendant. ) | |

   Scott M. Kerin
   UNITED STATES ATTORNEY'S OFFICE
   1000 S.W. Third Avenue, Suite 600
   Portland, OR 97204

    Of Attorneys for United States of America

   Christopher Michael Gonzalez-Aguilera
   SID 7241626
   Eastern Oregon Correctional Institution
   2500 Westgate
   Pendleton, OR 97801-9699

    Defendant Pro Se

JONES, Judge:

On March 31, 2009, defendant pled guilty to one count of Mailing a Threatening Communication in violation of 18 U.S.C. § 876(c). The plea was part of a global agreement resolving a state criminal case and defendant's federal case. Pursuant to the plea agreement, the parties asked the court to waive preparation of the presentence report and sentence defendant to 60 months imprisonment, to be served consecutively to the sentence to be imposed in the then-pending state criminal proceeding.

At the time of the plea hearing, the court reviewed the plea offer with defendant to make sure he understood the terms of the agreement and the rights he was giving up by pleading guilty. The court then accepted defendant's guilty plea and found him guilty. The court waived the presentence report and imposed a statutory maximum sentence of 60 months imprisonment, to be followed by two years supervised release. Defendant currently is serving a 70 month state-imposed sentence with his federal sentence to run consecutive to it.

On January 20, 2010, defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (# 26) ("Motion"). On August 23, 2010, defendant filed an amended motion (# 33) ("Amended Motion"). In his original Motion, defendant asserts that the court should vacate his sentence because:

> Defendant's plea was not knowingly and intelligently entered/made because at the very time of making a plea he was heavily under the influence of psychiatric medication for a serious mental disease (which the trial court was aware of at that time).

Motion, p. 5. In his Amended Motion, defendant restates his first claim, and adds as a second claim that his "plea was the result of physical force, threats, promises." Amended Motion, p. 5. For the reasons stated below, neither claim has merit and both are denied without hearing.[1]

DISCUSSION

Before turning to the merits, I address two threshold issues. The first is the issue of waiver. In the plea agreement, which is incorporated into defendant's Petition to Enter Plea of Guilty, defendant waived his right to appeal and to file any collateral attack on his sentence, including a motion under § 2255. The waiver of the right to file a § 2255 motion is enforceable if knowingly and voluntarily made. See, e.g., United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). As the government acknowledges, however, the very issue defendant raises in his motion is whether he entered his plea - and also waived his right to appeal and to bring the present motion - knowingly and voluntarily. Thus, the two issues merge. Government's Reply in Opposition to Defendant's Motion, p. 3 and p. 3 n.1.

The second threshold issue is whether plaintiff's second claim, that his guilty plea was the result of physical force, threats, or promises, is untimely or relates back to the date of his initial filing. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which applies to this case, modified § 2255 to place a one-year limitation period on habeas petitions, which, as pertinent here, began to run on "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), which in this case was on or about April 23, 2009, when the time for filing a notice of appeal expired.

---

[1] Defendant's motions (## 30, 32) for appointment of counsel are denied as defendant demonstrated ample ability to articulate his claims, which are not complex. Defendant's motion (# 31) for an extension of time is denied as moot.

3 - OPINION AND ORDER

The government argues that defendant's second claim for relief, alleged for the first time in the Amended Motion, is untimely as it was filed well beyond the AEDPA one-year period. The Supreme Court decision in Mayle v. Felix, 545 U.S. 644 (2005), instructs that:

> a new claim in an amended petition relates back to avoid a limitations bar, when the limitations period has run in the meantime, only when it arises from the same core of operative facts as a claim contained in the original petition. It is not enough that the new argument pertains to the same trial, conviction, or sentence.

Hebner v. McGrath, 543 F.3d 1133, 1134 (9th Cir. 2008) (citing Mayle v. Felix, supra); see also Hinkson v. United States, 1012 WL 3776023 at *17 (D. Idaho Aug. 28, 2012).

The only information of record concerning the alleged "physical force, threats, promises" is defendant's statement that he "claimed to understand the rights he was waiving by pleading guilty out of fear due to threats and physical abuse he [received] by jail deputies if he did not plead guilty." Memorandum of Law in Support of Motion, pp. 3-4. Putting aside the merits of that claim, discussed below, that statement suggests that the alleged threats occurred outside the courtroom at a different time and place than the plea and sentencing hearing. Consequently, the new claim does not arise out of the same core of operative facts as the claim alleged in the original Motion and is rejected as untimely.

Even assuming the claim was timely filed, however, it fails on the merits. Defendant has provided no evidentiary support for his allegation of threats and physical abuse; indeed, in his plea petition defendant specifically stated that "[m]y plea of 'GUILTY' is not the result of force, threat, or intimidation." Petition to Enter Plea of Guilty, ¶ 22. And in his lengthy and detailed Federal Rule of Criminal Procedure 11 ("Rule 11") colloquy with the court, defendant acknowledged there was no pressure on him to enter a guilty plea, acknowledged waiver of all

the rights described to him, and "of his own free will," pled guilty. Transcript of Plea and Sentencing ("TR") p. 17. The only concern defendant expressed during the hearing was how he would be able to pay the fee assessment of $100. TR 13-14.

Defendant seems to suggest that his plea is *per se* invalid under Rule 11 because the court did not specifically ask him whether his plea "did not result from force, threats, or promises (other than promises in a plea agreement)." Rule 11(b)(2). Although the court did not adhere to that wording, the record as a whole belies defendant's allegation of threats and physical abuse. Defendant explicitly stated that he understood his rights, the charges against him, and the consequences of pleading guilty. His statements to the court never suggested that his plea resulted from threats or physical abuse, and there is no evidence to support a finding that but for the alleged error (if indeed there was error), defendant would not have entered the guilty plea. See United States v. Escamilla-Rojas, 640 F.3d 1055, 1061-63 (9th Cir. 2011); see also United States v. Timmreck, 441 U.S. 780, 784-85 (1979) (collateral relief not available when all that is shown is a failure to comply with the formal requirements of Rule 11). Thus, defendant's second claim in the Amended Motion is rejected.

Defendant's original (and timely) claim, that his plea was not made knowingly and intelligently due to medications he was taking at the time of the hearing, also lacks merit and is rejected. Defendant was represented by competent counsel, as he acknowledged, throughout the plea negotiations, plea hearing, and sentencing. In the plea petition, which defendant signed on March 30, 2009, one day before the hearing, he represented that:

> I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason except as follows:

> [nothing noted]
>
> I have not taken any drugs or medications within the past seven (7) days except as follows:
>
> <u>Respiridol (2 x per day - antipsychotic); Colonopin (2x per day anti-anxiety); Wellbutrin.</u>

Petition to Enter Plea of Guilty, ¶ 5. Defendant further represented that:

> I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

<u>Id.</u>, ¶ 25. Defendant affirmed that he had reviewed the plea agreement with his attorney and that he understood and voluntarily agreed to its terms, which his attorney confirmed. Plea Agreement Letter, p. 3.

During the plea hearing, the court engaged defendant in a detailed discussion of the terms of the plea agreement and the rights he was waiving by pleading guilty. The court asked defendant if he understood what he was pleading guilty to - sending a threatening letter through the mail to a Multnomah County deputy district attorney - and defendant replied: "I do." TR 8. The court then specifically inquired about defendant's medications:

> Now, in respect to this matter, do you understand that your mind must be clear? And I understand that you've been taking some sort of psychotropic drug, but is your mind clear this morning?

<u>Id.</u> Defendant replied: "It is." <u>Id.</u> The court further inquired whether defendant "ha[s] any question about your ability to make this decision?" Defendant replied: "I don't." <u>Id.</u> Then the court noted for the record:

> I seem to have before me a fully alert . . . person who knows the consequences of his decision and what's been very carefully worked out with the cooperation of

everybody concerned: the prosecution, the defense counsel, and the defendant and the State."

TR 8-9.

Near the end of the hearing, the court asked defendant "of your own free will, how do you plead to this charge?", to which defendant replied: "I plead guilty." TR 17. In his statement to the court, defendant said he wanted to apologize for what he had done and that "they've [the jail] got me on the right medicines now." TR 23-24. As mentioned, the only issue defendant actually raised in response to the court's questioning was a concern about paying the statutory fee assessment. TR 13.

Thus, during the plea hearing, the court repeatedly asked defendant if he understood what he was doing, and he repeatedly responded that he was fully aware. Never did he suggest that his plea was not made knowingly, intelligently and voluntarily. In light of this record, defendant's claim alleged in the Motion and Amended Motion lacks merit and is denied without an evidentiary hearing. See United States v. Baumann, 692 F.2d 565, 570 (9thCir. 1982) (hearing is not necessary where the files and records of the case conclusively show that defendant is not entitled to relief).

CONCLUSION

For the reasons stated, defendant's Motion and Amended Motion under 28 U.S.C. § 2255 (## 26, 33) are denied. Defendant's requests for an evidentiary hearing and certificate of appealability are also denied.

DATED this 27th day of September, 2012.

      /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge